```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


JULIO B. LEIVA,                    )
       Plaintiff,                  )
                                   )  Civ. Action No. 20-11367-PBS
       v.                          )
                                   )
DOUGLAS W. DEMOURA, et al.,        )
       Defendants.                 )
```

## MEMORANDUM AND ORDER

May 10, 2021

SARIS, D.J.

Plaintiff Julio B. Leiva, a Massachusetts state prisoner, brings this civil rights action alleging that the correctional defendants violated his rights under the Religious Land Use and Institutionalized Persons Act and the First, Eighth and Fourteenth Amendments. The defendants move to dismiss or stay this litigation pursuant to Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).

For the reasons stated below, the Court DENIES plaintiff's motion for magistrate, DENIES defendants' motion to strike, DENIES defendants' motion for hearing, DENIES the defendants' motion to dismiss and STAYS the proceeding pending the outcome of the parallel state court action.

## BACKGROUND

On July 20, 2020, Julio B. Leiva, now in custody at MCI Shirley, filed the instant complaint ("Leiva Federal Complaint")

on the preprinted Pro Se 1 form provided by the Administrative Office of the United States Courts.  Dkt. 1.  Named as defendants are the Department of Correction, the Superintendent of MCI Cedar Junction, the Food Services Director at MCI Cedar Junction, a Lieutenant at MCI Cedar Junction, and the former Superintendent of the Souza Baranowski Correctional Center.  Id. at 1 (caption), ¶ I (the parties to the complaint).  Leiva checked the box indicating "federal question" jurisdiction and alleges that defendants violated his rights under 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act, and the First, Eighth and Fourteenth Amendments.  Id. at ¶ II(A) (if the basis for jurisdiction is a federal question).  Leiva seeks equitable and monetary relief. Id. at ¶ IV (relief).

In the statement of claim, Leiva states that "[t]his complaint is to redress the deprivation under color of law, for willfully, intentionally and unconstitutionally interfering, blocking plaintiff's 1st and 8th Amendment right to freedom of religion, to petition the government and to be free from cruel and unusual punishment due to the defendants placing undue burdens on plaintiff's religious exercise, denying grievance process and contact with embassy, and subjecting to corporal punishments, using kosher diet to deny food, denying basis medical[.] See Ex A verified complaint."  Id. at ¶ III (statement of claim).

Attached to the complaint are several exhibits including a copy of the complaint Leiva filed in Suffolk Superior Court, <u>Leiva v. DeMoura, et al.</u>, 1884CV03517 (filed Nov. 8, 2018). Dkt. No. 1-3 ("Leiva Suffolk Complaint").[1]

A comparison of the Leiva Federal Complaint with the Leiva State Complaint reveals that both actions raise identical claims.  Each defendant named in the instant action is also named as a defendant in the state court action.  The state court action includes the following two defendants who are not named as defendants in the instant action: (1) Patrice Holloman, Director of Treatment at MCI Cedar Junction and (2) Thomas A. Turco, III, the former Commissioner of Correction.

On December 30, 2020, Defendants filed a motion seeking to dismiss or stay this action.  Dkt. 16.  In their memorandum in support of their motion to dismiss, the Defendants assert that all of Leiva's claims against them should be dismissed under the <u>Colorado River</u> abstention doctrine, or in the alternative stayed pending the outcome of the state court action.  Dkt. 17.

On January 25, 2021, Defendants filed a notice that the state court action remains pending in the Suffolk Superior

---

[1] The Court takes judicial notice of Leiva's pending state court action.  "It is well-accepted that federal courts may take judicial notice of proceedings in other courts of those proceedings have relevance to the matters at hand." <u>Rodi v. New Eng. Sch. of Law</u>, 389 F.3d 5, 19 (1st Cir. 2004) (quoting <u>Kowalski v. Gagne</u>, 914 F.2d 299, 305 (1st Cir.1990)).

Court.  Dkt. 18.  Attached to the notice is a copy of a Memorandum of Decision and Order issued by the state court on January 7, 2021, allowing in part and denying in part Defendants' motions to dismiss.  Id. at p. 1.  Leiva filed an unsuccessful motion in state court seeking to remove the state court action to federal court.  Dkt. 17 at 10.

On February 16, 2021, Leiva filed in the instant action a Motion for Magistrate in Pre-Trial Management with supporting memorandum.  Dkt. Nos. 20 – 21.  He also filed an untimely opposition to Defendants' motion to dismiss contending that the state court cannot protect his constitutional rights. Dkt. No. 19.

Defendants request a hearing and move to strike Leiva's opposition as untimely, and nonresponsive.  Dkt. Nos. 22, 23.

## STANDARD OF REVIEW

The Colorado River abstention doctrine "allows federal courts in limited instances to stay or dismiss proceedings that overlap with concurrent litigation in state court." Jiménez v. Rodríguez-Pagán, 597 F.3d 18, 21 (1st Cir. 2010) (citing Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800 (1976)).  Where, as here, a parallel state proceeding is pending, the relevant factors that the federal court may consider in determining whether to abstain, include, but are not limited to: "(1) whether either court has assumed jurisdiction

4

over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction." Jiménez, 597 F.3d at 27–28 (citation omitted).

"[F]ederal courts must abide by their 'virtually unflagging obligation' to exercise their lawful jurisdiction and resolve the matters properly before them."  Nazario-Lugo v. Caribevision Holdings, Inc., 670 F.3d 109, 114 (1st Cir. 2012) (citation omitted).  "This duty, however, is not absolute, and departure from it is permitted 'in otherwise exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest.'"  Id. at 114-15 (quoting Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996).

Dismissal under Colorado River abstention doctrine "is to be used sparingly and approached with great caution."  Id. at 115 (citations omitted).  Indeed, "[t]he crux of the Colorado River doctrine is the presence of 'exceptional' circumstances displaying 'the clearest of justifications' for federal deference to the local forum in the interest of 'wise judicial administration, giving regard to conservation of judicial

5

resources and comprehensive disposition of litigation.'" Id. (quoting Colo. River, 424 U.S. at 817-19).

"The decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Meml. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983). "When a district court decides to dismiss or stay under Colorado River, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." Id. at 28.

## DISCUSSION

With the above standards in mind, and construing the pro se pleadings liberally, see Rodi, 389 F.3d at 13, the Court proceeds to weigh the relevant factors.

### A. Analysis of Relevant Factors

### 1. Jurisdiction over a Res

The first factor, the assumption of jurisdiction over a res, is inapplicable here because property is not a subject of the litigation.

### 2. Geographical Convenience

Both the state and federal cases are in Boston, Massachusetts. There is no indication in the complaint that the

6

federal forum is any more convenient to the parties than the state forum.  This factor, therefore, has no impact on the court's analysis.

### 3. Desirability of Avoiding Piecemeal Litigation

The next factor at issue in the abstention analysis is whether abstention would assist in the avoidance of piecemeal litigation.  Colo. River, 424 U.S. at 819.

"'[C]oncerns about piecemeal litigation ... focus on the implications and practical effects of litigating suits deriv[ed] from the same transaction in two separate fora, and weigh in favor of dismissal only if there is some exceptional basis for dismissing one action in favor of the other.'"  Jiménez, 597 F.3d at 29 (citation omitted).  "[T]he district court must look beyond the routine inefficiency that is the inevitable result of parallel proceedings to determine whether there is some exceptional basis for requiring the case to proceed entirely in the Commonwealth court."  Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 947 F.2d 529, 535 (1st Cir. 1991).

Here, the claims in both actions arise out of the same factual nucleus and involve the same legal issues.  The state court action is pending and has proceeded further than this case.  Any rulings in this court would necessarily create a strong likelihood of inconsistent rulings.  To avoid the risk of

potentially inconsistent rulings on identical issues, this factor favors abstention.

### 4. Order in Which the Forums Obtained Jurisdiction

The state court action was filed in November 2018, more than a year and a half before this action.  The state court has already ruled on dispositive motions affecting the parties to that case.  Here, the instant action has not progressed beyond a motion to dismiss, and therefore, this factor favors abstention. Jiménez, 597 F.3d at 31 ("absence of any federal proceedings beyond a motion to dismiss favors the surrender of jurisdiction") (citing Colorado River Water Conservation Dist., 424 U.S. at 820); Villa Marina Yacht Sales, Inc. v. Hatteras Yachts (Villa Marina II), 947 F.2d 529, 535 (1st Cir.1991) (holding that state case was further advanced because of development of record for preliminary injunction hearing).

### 5. Whether State or Federal Law Controls

Plaintiff's claims in both cases arise under both state and federal law.  "[T]he presence of federal-law issues must always be a major consideration weighing against" abstention.  Moses H. Cone, 460 U.S. at 26.  "[A]s between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court'" because of "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."

8

Colo. River, 424 U.S. at 817 (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910)).

This factor weighs somewhat against abstention due to the federal statutory and constitutional claims, but due to the fact that the state court has jurisdiction over the federal claims, this factor is not of substantial weight.

### 6. Adequacy of State Forum

In his one-page opposition to Defendants' motion to dismiss, Leiva contends that "the state court's application of Federal law and standards is lacking." Dkt. No. 19. However, there are no factual allegations that the state court will not adequately protect the interests of the parties. The Massachusetts court is an adequate forum for resolving the issues raised in this lawsuit. Therefore, this factor is neutral.

### 7. Vexatious or contrived nature of the federal claim

The instant action was filed after the state court action, however, there is no evidence that it was filed for a vexatious purpose.

### 8. Respect for the principles underlying removal

This factor is not applicable to this case.

### B. Conclusion

Here the balance of factors mandates abstention. Only the fifth factor (whether state or federal law controls) weighs

9

against abstention.  Most of the factors are either neutral or weigh in favor of exceptional circumstances that favor abstention.  Given this assessment of the abstention factors, this case presents a situation in which abstention is appropriate to allow the state court to continue to resolve the parallel lawsuit.

The Supreme Court has not decided "whether a dismissal or a stay should ordinarily be the preferred course of action when a district court properly finds that Colorado River counsels in favor of deferring to a parallel state-court suit."  Moses H. Cone, 460 U.S. at 28 (footnote omitted).  "In this Circuit, Colorado River abstention has historically resulted in a stay" instead of outright dismissal because the First Circuit "see[s] no harm to judicial economy in going [this] more cautious route."  Jiménez, 597 F.3d at 31 (citation omitted).  The Court finds that the Defendants have presented no exceptional circumstance that would warrant dismissal in lieu of a stay.

## ORDER

For the reasons stated above, plaintiff's motion for magistrate (Dkt. 20) is DENIED, defendants' motion to strike (Dkt. No. 22) is DENIED; defendants' motion for hearing (Dkt. No. 23) is DENIED; defendants' motion to dismiss (Dkt. 16) is DENIED and the proceedings are STAYED pending the outcome of the parallel state court action.

The Defendants shall file, six months from the date of this Memorandum and Order, and six months thereafter, a status report advising this Court of the status of the proceedings in the state court.

SO ORDERED.

                                             /s/ Patti B. Saris  
                                            PATTI B. SARIS  
                                            UNITED STATES DISTRICT JUDGE